[Cite as *State v. Baker*, 2016-Ohio-5669.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 2-16-07

    v.

JOSHUA Z. BAKER,                           O P I N I O N

    DEFENDANT-APPLELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2013-CR-156

Judgment Affirmed

Date of Decision:   September 6, 2016

APPEARANCES:

    *Joshua Z. Baker,* **Appellant**

    *Benjamin R. Elder* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Joshua Z. Baker, appeals the April 27, 2016 judgment of the Auglaize County Court of Common Pleas overruling his "Motion to Correct an Illegal Sentence."

{¶2} On October 21, 2013, the Auglaize County Grand Jury returned a three-count indictment against Baker for one count of Burglary, in violation of R.C. 2911.12(A)(2), a felony of second degree; one count of Theft of a firearm, in violation of R.C. 2913.02(A)(1), a felony of the third degree; and one count of Theft of property valued greater than $1,000.00 but less than $7,500.00, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree.

{¶3} On January 14, 2014, pursuant to a negotiated plea agreement, Baker entered a plea of guilty to an amended count of Burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, and to one count of Theft of a firearm as charged in the indictment. The trial court accepted Baker's guilty pleas and entered a nolle prosequi on the remaining Theft count.

{¶4} On February 28, 2014, Baker appeared for sentencing. The trial court imposed a thirty-month prison term for the Burglary conviction and a twenty-four month prison term for the Theft conviction. The trial court ordered the prison terms to be served consecutively for a total prison term of fifty-four months. Baker was

advised of his appellate rights, but declined to file an appeal of the judgment entry of his conviction and sentence.

{¶5} Baker filed multiple motions for judicial release, which were overruled by the trial court.

{¶6} On April 13, 2016, Baker, *pro se*, filed a petition for post-conviction relief entitled "Motion to Correct an Illegal Sentence" pursuant to R.C. 2941.25. In this petition, Baker claimed that his sentence is "void" because his convictions for Burglary and Theft were allied offenses of similar import that should have been merged at sentencing. The State filed a response arguing that the issue of merger raised by Baker is subject to the doctrine of res judicata.

{¶7} On April 27, 2016, the trial court issued a judgment entry overruling Baker's motion. Specifically, the trial court stated that "[f]ailure to merge sentences does not render a sentence void, but merely voidable. As the issue was not raised timely, but is raised only after his Motion for Judicial Release was denied and more than two years after his conviction, the matter is res judicata." (Doc. No. 140).

{¶8} Baker filed this appeal, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED TWO CONVICTIONS AND SEPARATE CONSECUTIVE SENTENCES FOR THE THEFT AND BURGLARY CHARGES IN CASE NO. 2013-CR-156 AS THOSE CHARGES AROSE FROM A SINGLE COURSE OF CONDUCT COMMITTED WITH A SINGLE ANIMUS**

**WHICH RENDERED THE SENTENCE ILLEGAL FOR FAILURE TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT.   CRIM.R. 52(B); R.C. 2941.25(A); STATE v. JOHNSON, 128 OHIO ST.3d 153; FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED WHEN IT MISAPPLIED THE DOCTRINE OF RES JUDICATA TO DENY DEFENDANT'S MOTION TO VACATE AN ILLEGAL SENTENCE CONDEMNING DEFENDANT TO SERVE A SENTENCE CLEARLY CONTRARY TO LAW.  SUPREME COURT OF OHIO, STATE v. UNDERWOOD, 124 OHIO ST. 3d 365; 922 N.E.2d 923; STATE v. FISCHER, 128 OHIO ST. 3d 92; 942 N.E.2d 332; SUPREME COURT OF OHIO STATE v. MOORE, 135 OHIO ST.3d 151; 985 N.E.2d 432; ET AL.**

*First and Second Assignments of Error*

**{¶9}** We elect to address the assignments of error together due to the fact that the arguments and considerations raised therein are intertwined.

**{¶10}** On appeal, Baker argues the trial court abused its discretion in denying his "Motion to Correct an Illegal Sentence," which is in essence a petition for postconviction relief.   " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶11} A petition for postconviction relief must meet strict timeliness requirements. Pursuant to the current version of R.C. 2953.21(A)(2), a postconviction petition must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." Here, Baker failed to file a direct appeal of the trial court's February 28, 2014 judgment entry of sentence. Baker's deadline to file a petition for postconviction relief expired in September of 2014.[1]

{¶12} A trial court may not entertain an untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

---

[1] The current version of R.C. 2953.21 sets forth a deadline for filing a petition for post-conviction relief "no later than three hundred sixty-five days after the expiration of the time for filing the appeal." However, this version took effect on March 23, 2015, and is not the version applicable to Baker's case. The prior version of R.C. 2953.21, which is applicable to Baker's case, provided that "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Baker's petition is nevertheless untimely under either version.

{¶13} The doctrine of res judicata places another significant restriction on the availability of postconviction relief. *Sidibeh* at ¶ 12. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " (Emphasis deleted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967) at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 37.

{¶14} Moreover, with respect to Baker's specific contention on appeal, a claim of error and failing to merge counts for sentencing purposes is not a "void sentence" issue. *See State v. Jackson*, 8th Dist. Cuyahoga No. 99929, 2014-Ohio-927, ¶ 23; see also *State v. Timmons*, 10th Dist. Franklin No. 11AP-895, 2012–Ohio–2079, ¶ 12 ("Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal.").

{¶15} Because Baker's petition for postconviction relief is untimely, he must establish that he falls within one of the exceptions specified in R.C. 2953.21(A) that

would permit him a longer time period to file his petition. Baker has failed to establish that either exception is applicable to this case. Even assuming *arguendo* that Baker's petition is timely, Baker has failed to identify any issue as grounds for his petition that could not have been raised in his direct appeal. Therefore, we do not find that the trial court erred in overruling Baker's "Motion to Correct an Illegal Sentence" because (1) Baker's petition is untimely and (2) the claim he asserted in the petition are barred by res judicata.[2]

{¶16} Based upon the foregoing, Baker's assignments of error are overruled, and the judgment is hereby affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[2] We note that the trial court could have also dismissed Baker's petition for lack of jurisdiction based upon the petition being untimely.