[Cite as *State ex rel. Smoot v. Favreau*, 2016-Ohio-7929.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE EX REL. JASON SMOOT | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Relator | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16AP0004 |
| JUDGE D.W. FAVREAU | |
| Respondent | O P I N I O N |

CHARACTER OF PROCEEDING:    Writ of Procedendo

JUDGMENT:    Issued

DATE OF JUDGMENT ENTRY:    November 28, 2016

APPEARANCES:

For Relator                                    For Respondent

JASON SMOOT (PRO SE) #A715-376        CINDY M. O'NEIL
Noble Correctional Institution                Assistant Prosecuting Attorney
15708 McConnelsville Road                  19 East Main Street
Caldwell, Ohio 43724                          McConnelsville, Ohio 43756

*Hoffman, J.*

{¶1} Relator Jason Smoot has filed a Petition for Writ of Procedendo asking this Court to order the trial court to rule on a Petition for Post-Conviction Relief filed by Relator on August 31, 2015. Relator initiated an appeal of his conviction and sentence August 14, 2015. Respondent has filed a motion to dismiss arguing he lacked jurisdiction to rule on the Petition for Post-Conviction Relief because the appeal was pending.

{¶2} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,* supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462.

{¶3} "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen,* 133 Ohio St. 96, *106, 12 N.E.2d 144, * *149 (1937).

**{¶4}** Revised Code Section 2953.21 governs petitions for post-conviction relief and provides in relevant part, "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending." R.C. 2953.21(C).

**{¶5}** Relator was sentenced on April 29, 2015. The petition was filed within three hundred sixty five days of the expiration of time for filing a notice of appeal, therefore, the petition was timely on the date it was filed.

**{¶6}** Because Relator had filed a timely petition for post-conviction relief, the trial court did have jurisdiction to rule on the petition.

**{¶7}** "Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case. . . That is not to say that claims in mandamus and/or procedendo automatically lie simply because a motion remains pending longer than 120 days. Other factors may

dictate that a trial court take more time to rule on a motion." *State ex rel. Culgan v. Collier*,

135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 12.

**{¶8}**   In the instant case, Respondent has offered no other factors in support of

the delay.  For this reason, the requested writ of procedendo will issue.  Respondent shall

forthwith rule upon Relator's motion filed April 29, 2015.[1]

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur

---

[1] We reversed Relator's conviction and sentence in his direct appeal which was decided while this case was pending.  Our decision in Relator's appeal reversing and remanding the case because the plea was not properly taken does not alter our holding in this case. The motion for post-conviction relief remains pending without a ruling.  The only impact the reversal has on the motion is Respondent's disposition of the motion may now be different than had the motion be ruled upon prior to our reversal.