[Cite as *State v. Parsons*, 2018-Ohio-1346.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 7-17-06

      v.

CULLEN A. PARSONS,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 15CR0082

**Judgment Affirmed**

**Date of Decision:   April 9, 2018**

APPEARANCES:

      *Neil S. McElroy* for Appellant

      *Gwen Howe-Gebers* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Cullen A. Parsons ("Parsons"), appeals the September 20, 2017 judgment entry of the Henry County Court of Common Pleas dismissing his petition for post-conviction relief without a hearing. We affirm the decision of the trial court on different grounds, concluding that, because the trial court's sentencing entry is void, there is no judgment from which Parsons can seek post-conviction relief.

{¶2} On March 9, 2016, Parsons was convicted of attempted murder with a firearm specification, felonious assault with a firearm specification, and improperly handling firearms in a motor vehicle and sentenced to a cumulative term of 12 years in prison. (Doc. Nos. 35, 46); *State v. Parsons*, 3d Dist. Henry No. 7-16-08, 2017-Ohio-1315, ¶ 2, 4, 5. Parsons appealed the trial court's judgment entry of sentence. *Parsons* at ¶ 6.[1] In that direct appeal, we affirmed on April 10, 2017 the judgment of the trial court, but vacated Parsons's sentence and remanded the case for proper sentencing after concluding that the trail court erred in sentencing Parsons to a term of imprisonment to each of the three offenses after the trial court concluded that the offenses were allied offenses of similar import. *Id.* at ¶ 88. Parsons filed a jurisdictional appeal to the Supreme Court of Ohio. (*See* Doc. No. 71). The

---

[1] In Parsons's direct appeal from his convictions and sentence, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. Parsons*, 3d Dist. Henry No. 7-16-08, 2017-Ohio-1315.

Supreme Court declined jurisdiction on January 31, 2018. *State v. Parsons*, 151 Ohio St.3d 1503, 2018-Ohio-365. The Supreme Court's docket reflects that Parsons filed an application for reconsideration on February 5, 2018 of the Supreme Court's declination of jurisdiction to review his direct appeal. That application remains pending.

{¶3} While his appeal was pending with the Supreme Court and before he was resentenced, Parsons filed on July 11, 2017 a petition for post-conviction relief requesting the trial court "to vacate or set aside the judgment of conviction and sentence in the instant matter." (Doc. No. 62). As grounds for the requested relief, Parsons raised five arguments that he was denied the effective assistance of trial counsel. (*Id.*). On August 2, 2017, the State filed a memorandum in opposition to Parsons's petition. (Doc. No. 65). In the alternative, the State requested that the trial court enter summary judgment in its favor. (*Id.*). Parsons filed his reply to the State's memorandum in opposition to his petition and motion for summary judgment on September 1, 2017. (Doc. No. 70).

{¶4} On September 20, 2017, the trial court dismissed Parsons's petition without a hearing. (Doc. No. 71).

{¶5} On October 19, 2017, Parsons filed a notice of appeal. (Doc. No. 73). He raises two assignments of error for our review, which we address together.

**Assignment of Error I**

**The trial court erred as a matter of law when it dismissed Mr. Parsons' petition for post-conviction relief without holding a hearing, on the basis of res judicata.**

**Assignment of Error II**

**The trial court abused its discretion when it denied Mr. Parsons' request for hearing on his petition for post-conviction relief.**

{¶6} In his first assignment of error, Parsons argues that the trial court erred by "dismiss[ing] four of Mr. Parsons' five claims based on the doctrine of res judicata." (Appellant's Brief at 11). In his second assignment of error, Parsons argues that the trial court abused its discretion by denying his petition without a hearing.

{¶7} "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10, citing *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. The statute sets forth who may petition for post-conviction relief:

Any person who has been *convicted* of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the *judgment* void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that *imposed sentence*, stating the grounds for relief relied upon, and asking the court to vacate or set aside the

-4-

judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

(Emphasis added.) R.C. 2953.21(A)(1)(a) (2015) (current version at R.C. 2953.21(A)(1)(a) (2017)). "Accordingly, under the plain language of the statute, a person cannot petition for post-conviction relief unless he 'has been convicted' and there is a 'judgment.'" *State v. Benford*, 9th Dist. Summit No. 24828, 2010-Ohio-54, ¶ 3.

{¶8} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) *the sentence*, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." (Emphasis added.) *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. *See also Benford* at ¶ 4 ("'"[A] judgment of conviction requires a sentence, and a defendant is not convicted until sentenced."'"), quoting *State v. Haley*, 2d Dist. Greene No. 94-CA-107, 1995 WL 418739, *1 (July 7, 1995), quoting *State v. Boyd*, 95 Ohio App.3d 679, 686 (8th Dist.1994).

{¶9} We review a trial court's dismissal of a petition for post-conviction relief under an abuse-of-discretion standard. *State v. Hendrix*, 11th Dist. Lake No. 2012-L-080, 2013-Ohio-638, ¶ 7. *See also State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 10. An abuse of discretion suggests that a decision is

unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

**{¶10}** The trial court did not abuse its discretion by dismissing Parsons's petition for post-conviction relief. As we discussed above, we vacated Parsons's sentence after concluding that his sentence was void because it was contrary to law and remanded the case to the trial court for resentencing. *See Parsons*, 2017-Ohio-1315, at ¶ 88. *See also State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 12 (noting that "the proper remedy for an allied-offenses sentencing error" is to "'reverse the judgment of conviction and remand for a new sentencing hearing'"), quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, paragraph two of the syllabus, *superseded by state statute on other grounds*, *United States v. Mackey*, S.D.Ohio No. 3:04cr00096, 2014 WL 6606434, *2 (Nov. 20, 2014), fn. 4.

> "'The effect of determining that a judgment is void is well established.
> It is as though such proceedings had never occurred; the judgment is
> a mere nullity and the parties are in the same position as if there had
> been no judgment.'"

*Benford* at ¶ 5, quoting *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 27, quoting *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 12.

**{¶11}** The trial court has not resentenced Parsons.[2] *See Wilson* at ¶ 13 ("the appellate court's remand requires the trial court to conduct a new sentencing hearing"). As such, there is no final order of conviction in this case. *See, e.g., Lester*, 130 Ohio St.3d 303, at paragraph one of the syllabus; CrimR. 32. *See also State v. Holdcroft*, 3d Dist. Wyandot No. 16-10-04, 2010-Ohio-6262, ¶ 20-21.

**{¶12}** Moreover, because there is no judgment entry of conviction, Parsons could not file a direct appeal.[3] *See Benford* at ¶ 8, citing *Bloomer* at ¶ 27. "The time period in which he can file for post-conviction relief, therefore, has not begun to run." *Id. See State v. Boles*, 6th Dist. Lucas No. L-11-1020, 2012-Ohio-385, ¶ 7, 17 (suggesting the time period in which a defendant may file a petition for post-conviction relief restarts when a final order of conviction is issued following the correction of a void sentence). *See also* R.C. 2953.21(A)(2) (2015) (current version at R.C. 2953.21(A)(2) (2017)) (describing the time requirements for filing a petition for post-conviction relief as "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction").

---

[2] Although Parsons filed a jurisdictional appeal to the Supreme Court of Ohio from this court's decision, there is no stay of that judgment absent an affirmative motion requesting stay of a court of appeals' judgment. *See* S.Ct.Prac.R. 7.01(A)(3). *See also* App.R. 7.

[3] "In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15. "[A]ny prior issues not successfully challenged in [a direct] appeal [that] are outside the scope of * * * resentencing [are] precluded from further review under the principles of res judicata." *Id.* at ¶ 33.

{¶13} For these reasons, we conclude that Parsons's petition for post-conviction relief is premature.[4] *Accord Holdcroft* at ¶ 20-21 (concluding that "because a final order of conviction and sentence had yet to be filed in this case," "Holdcroft's filing for a petition for post-[conviction relief was] premature"); *Benford* at ¶ 5 ("Accordingly, because the trial court's sentencing entry is void and Mr. Benford has not been resentenced, his petition for post-conviction relief is premature."), citing *State v. Gross*, 5th Dist. Muskingum No. CT2002-0037, 2003-Ohio-6295, ¶ 20-21 ("concluding that petition for post-conviction relief was premature because the Ohio Supreme Court had vacated the defendant's sentence and resentencing had not taken place"). Therefore, the trial court did not abuse its discretion by dismissing Parsons's petition for post-conviction relief. *Holdcroft* at ¶ 21.

{¶14} Although we conclude that the trial court properly dismissed Parsons's petition for post-conviction relief, we further conclude that the trial court

---

[4] Although App.R. 6 provides "a trial court and an appellate court * * * concurrent jurisdiction" "to rule on a petition for post-conviction relief while a direct appeal of the judgment imposing [a] conviction and sentence is pending," the trial court did not have concurrent jurisdiction to review Parsons's petition for post-conviction relief because there was no final order of conviction at the time Parsons filed his petition. *See State v. Holdcroft*, 3d Dist. Wyandot No. 16-10-04, 2010-Ohio-6262, ¶ 18, 21; App.R. 6; R.C. 2953.21(C) (2015) (current version at R.C. 2953.21(D) (2017)). *See also State v. Grega*, 11th Dist. Ashtabula No. 2013-A-0043, 2014-Ohio-1346, ¶ 3, 7 (concluding that the trial court had concurrent jurisdiction to review Grega's petition for post-conviction relief notwithstanding that the appellate court vacated Grega's sentence and remanded the case for resentencing *after* Grega filed his petition for post-conviction relief); *State ex rel. Smoot v. Favreau*, 5th Dist. Morgan No. 16AP0004, 2016-Ohio-7929, ¶ 8, fn. 1 (concluding that the trial court had concurrent jurisdiction to review Smoot's petition for post-conviction relief even though the appellate court reversed Smoot's conviction and sentence while his petition for post-conviction relief was pending).

erroneously dismissed Parsons's petition on the merits. The proper remedy was to dismiss Parsons's petition other than on the merits. As such, we affirm the trial court's dismissal of Parsons's petition for post-conviction relief for a different reason—namely, there is no judgment from which Parsons can seek post-conviction relief and therefore the dismissal is other than on the merits. *See Benford* at ¶ 1.

{¶15} Parsons's assignments of error are overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**