[Cite as *State v. Lee*, 2018-Ohio-3715.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**          **CASE NO. 3-18-14**

    **v.**

**ROBERT J. LEE,**                    **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Crawford County Common Pleas Court
Trial Court No. 09 CR 169**

**Judgment Affirmed**

**Date of Decision:    September 17, 2018**

**APPEARANCES:**

    *Robert J. Lee,* **Appellant**

    *Matthew E. Crall* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Robert J. Lee ("Lee"), pro se, appeals the May 17, 2018 judgment entry of the Crawford County Court of Common Pleas denying his petition for post-conviction relief. For the reasons that follow, we affirm.

{¶2} In January 2010, Lee was convicted of five counts: Count One of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, Count Two of aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony, Count Three of felonious assault in violation of 2903.11(A)(1), a second-degree felony, Count Four of breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony, and Count Five of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony. (*See* Doc. Nos. 1, 12, 21). *See also State v. Lee*, 190 Ohio App.3d 581, 2010-Ohio-5672, ¶ 10 (3d Dist.), *judgment vacated in part*, *sub nom. State v. Stall*, 128 Ohio St.3d 501, 2011-Ohio-1960. On April 5, 2010, the trial court sentenced Lee to 10 years in prison on Count One, 10 years in prison on Count Two, 8 years in prison on Count Three, 12 months in prison on Count Four, and 10 years in prison on Count Five, to be served consecutively for an aggregate term of 39-years imprisonment. (Doc. No. 21).

{¶3} On April 27, 2010, Lee appealed the trial court's judgment entry of sentence. (Doc. No. 27). *See Lee* at ¶ 14-15. In that direct appeal, we affirmed the judgment of the trial court. *Lee* at ¶ 35. Lee then appealed this court's decision to

the Supreme Court of Ohio. *Stall* at ¶ 2.[1] However, the Supreme Court of Ohio declined jurisdiction over Lee's appeal. *Id.*

**{¶4}** On April 30, 2018, Lee filed a petition for post-conviction relief arguing that, in light of the Supreme Court of Ohio's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the trial court erred by determining that Counts One, Two, and Three did not merge for purposes of sentencing. (Doc. No. 35). On May 17, 2018, the trial court denied Lee's petition. (Doc. No. 37).

**{¶5}** On June 18, 2018, Lee filed a notice of appeal. (Doc. No. 38). He raises one assignment of error.

### Assignment of Error

**The Courts erred in failing to hold that offenses of Aggravated Robbery O.R.C. 2911.01(A)(3), Aggravated Burglary O.R.C. 2911.11(A)(1) & Felonious Assault O.R.C. 2903.11(A)(1) were allied offenses of similar import O.R.C. 2941.25(A).**

**{¶6}** Although Lee does not explicitly argue in his appellate brief that the trial court committed any reversible error by denying his petition for post-conviction relief, his arguments in support of his assignment of error are nearly identical to those he made in his petition for post-conviction relief. Therefore, we will treat

---

[1] In *Lee*, we partially reversed the sentence of one of Lee's codefendants, Malcolm Stall. 190 Ohio App.3d 581, 2010-Ohio-5672, at ¶ 33-35. The State then appealed our decision as to Stall's sentence to the Supreme Court of Ohio. *See Stall*, 128 Ohio St.3d 501, 2011-Ohio-1960, at ¶ 1. Lee's appeal of this court's decision affirming his sentence was filed as a cross-appeal in *Stall*. *See id.* at ¶ 2.

Lee's assignment of error as alleging that the trial court erred by denying his petition for post-conviction relief.

{¶7} "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10, citing *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. The statute sets forth who may petition for post-conviction relief:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶8} R.C. 2953.21(A)(2) sets forth the time requirements for filing a petition for post-conviction relief and provides, in relevant part:

> Except as otherwise provided in [R.C. 2953.23], a petition under [R.C. 2953.21(A)(1)] shall be filed no later than three hundred sixty-five

days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.

A trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless the defendant demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Martin*, 10th Dist. Franklin No. 17AP-6, 2017-Ohio-5657, ¶ 9; R.C. 2953.23(A). Under R.C. 2953.23, a trial court may not entertain an untimely post-conviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). "If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial or the sentencing hearing, no reasonable fact-finder would have found him guilty of the offenses." *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 13; R.C. 2953.23(A)(1)(b).

{¶9} "'"[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible

evidence.'"'" *State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 10, quoting *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

**{¶10}** The trial court did not abuse its discretion by denying Lee's petition for post-conviction relief. Lee's petition for post-conviction relief is untimely. The trial transcripts in Lee's direct appeal were filed in this court on June 2, 2010. (*See* Doc. No. 30). His petition for post-conviction relief was filed in the trial court on April 30, 2018. (*See* Doc. No. 35). Thus, because Lee filed his petition for post-conviction relief in 2018—many years after the expiration of the deadline to file a timely petition—his petition for post-conviction relief is untimely.

**{¶11}** "Once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary." *State v. Morgan*, 3d Dist. Shelby No. 17-04-11, 2005-Ohio-427, ¶ 6, citing *State v. Beaver*, 131 Ohio App.3d 458 (11th Dist.1998). Trial courts should *dismiss* untimely post-conviction motions for lack of jurisdiction; nevertheless, a trial court does not commit reversible error by *denying* an untimely post-conviction petition. *State v. Hatfield*, 10th Dist. Franklin No. 07AP-784, 2008-Ohio-1377, ¶ 8, citing *State v. Hamilton*, 10th Dist. Franklin No. 03AP-852, 2004-Ohio-2573, ¶ 9 and *State v. Hensley*, 9th Dist. Lorain No. 03CA008293, 2003-Ohio-6457, ¶ 7.

{¶12} Because Lee's petition for post-conviction relief is untimely, he must establish that he is entitled to file a delayed petition for post-conviction relief under one of the exceptions in R.C. 2953.23(A)(1)(a). *See Baker*, 2016-Ohio-5669, at ¶ 15. Lee failed to establish that either exception is applicable to this case. Lee does not argue that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief. Instead, Lee argues that the Supreme Court of Ohio's decision in *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314 recognized a new right that applies retroactively to persons in his position. However, any "rights" recognized by the Supreme Court of Ohio in *Johnson* do not satisfy the requirements of R.C. 2953.23(A)(1)(a). "*Johnson* identified a change in the manner in which a state law is interpreted and applied. It is not a United States Supreme Court case, and thus, does not identify any new, retroactive, federal or state right recognized by the United States Supreme Court." *State v. Norris*, 7th Dist. Monroe No. 11MO4, 2013-Ohio-866, ¶ 14. *See State v. Kirklin*, 11th Dist. Portage No. 2013-P-0085, 2014-Ohio-4301, ¶ 10 ("R.C. 2953.23 does not allow for untimely petitions premised upon the *Ohio Supreme Court's* recognition of a retroactive right. Even if we could entertain untimely petitions premised upon a retroactive right recognized by the Ohio Supreme Court, *Johnson* is not retroactive.") (Emphasis sic.); *State v. Rutledge*, 10th Dist. Franklin No. 11AP-853, 2012-Ohio-2036, ¶ 11 ("[T]he Ohio Supreme Court's decision in *State v. Johnson*

\* \* \* does not assist [Rutledge] in meeting the timeliness requirement because R.C. 2953.23(A)(1)(a) requires a decision from the United States Supreme Court, not one from the Ohio Supreme Court."). Therefore, because Lee did not make the requisite showing under either prong of R.C. 2953.23(A)(1)(a), the trial court lacked jurisdiction to consider Lee's untimely petition for post-conviction relief. *See Rutledge* at ¶ 11.

{¶13} Because Lee's petition is untimely and the trial court lacked jurisdiction to consider the petition, the trial court should have dismissed Lee's petition; however, the trial court did not abuse its discretion by denying, rather than dismissing, Lee's petition. *See State v. Carter*, 3d Dist. Allen No. 1-17-09, 2017-Ohio-4354, ¶ 12, citing *Hatfield* at ¶ 8, citing *Hamilton* at ¶ 9 and *Hensley* at ¶ 7.

{¶14} Lee's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**