[Cite as *State v. Yates*, 2019-Ohio-2631.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 13-19-08

      v.

DAVID A. YATES,                          O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 13-19-09

      v.

DAVID A. YATES,                          O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Seneca County Common Pleas Court**
**Trial Court No. 14 CR 0281 and 15 CR 0002**

**Judgments Affirmed**

**Date of Decision: July 1, 2019**

APPEARANCES:

    *David A. Yates,* **Appellant**

**SHAW, J.**

{¶1} Defendant-appellant, David A. Yates ("Yates"), brings these appeals from the February 7, 2019, judgments of the Seneca County Common Pleas Court denying Yates's petitions for postconviction relief in trial court case numbers 14CR0281, and 15CR0002. On appeal, Yates argues that the trial court erred by failing to make sufficient findings of fact and conclusions of law when denying his petitions for postconviction relief.

*Background*

{¶2} On December 3, 2014, Yates was indicted in trial court case 14CR0281 for seven counts of Theft from an Elderly Person in violation of R.C. 2913.02(A)(3)/(B)(3), all felonies of the fifth degree, and three counts of Theft from an Elderly Person in violation of R.C. 2913.02(A)(3)/(B)(3), all felonies of the fourth degree. The indictment alleged that Yates had stolen, by deception, various amounts of money from numerous elderly people over a period of time.

{¶3} On January 1, 2015, Yates was indicted in trial court case 15CR0002 for one count of Theft from an Elderly Person in violation of R.C. 2913.02(A)(3)/(B)(3), a felony of the fourth degree, and one count of Theft in violation of R.C. 2913.02(A)(3)/(B)(2), a felony of the fifth degree.

{¶4} On June 9, 2015, Yates entered into a written, negotiated plea agreement wherein he agreed to plead guilty to all the counts in *both* indictments,

and in exchange, the State agreed to a joint sentencing recommendation wherein Yates would be placed on community control for five years, with some specified conditions including 120 days of local incarceration. The joint sentencing recommendation indicated that if Yates violated his community control, he would face an aggregate 104 months in prison, accounting for prison terms on all the counts (though not maximum prison terms), and consecutive sentences on all of the counts.[1] The plea agreement was accepted by the trial court and Yates was found guilty of the charges. He was sentenced in accordance with the joint sentencing recommendation on September 17, 2015, and placed on community control.

{¶5} Over the course of 2016, the State filed three sets of allegations contending that Yates had violated his community control by: possessing marijuana, possessing Vicodin without a prescription, stealing a bike,[2] stealing prescription medication from an 84 year old woman, stealing $700 from an 80 year old woman, stealing $700 and damaging a fence belonging to an 81 year old woman, and stealing $200 from another woman.[3]

---

[1] There were initially some misstatements regarding the aggregate prison terms of the counts amounting to what would be a 114 month prison term. But the State was seeking 86 months in prison total on the 14CR0281 case, and 18 months in prison total on the 15CR0002 case, consecutive to each other, which amounts to 104 months—the amount of time that Yates was ultimately given.

[2] It is not clear whether this was a bicycle or a motorcycle, presumably the former.

[3] The allegations of the purported community control violations were filed April 5, 2016, July 8, 2016, and November 17, 2016.

{¶6} Yates proceeded to a hearing on the alleged violations on September 15, 2017.[4] At the hearing he admitted that he had violated his community control by possessing marijuana, stealing prescription medication from an elderly woman, stealing $700 and damaging a woman's fence, and stealing $200 from another woman. The remaining allegations were dismissed by the State. As a result of the admissions, Yates was found to be in violation of his community control, and his "reserved" aggregate prison term of 104 months was imposed. Judgment entries memorializing Yates's prison term were filed September 15, 2017. Yates did not file timely appeals of the judgments revoking his community control and sentencing him to prison.

{¶7} Nearly a year later, on August 28, 2018, Yates filed notices of appeal with this Court, and motions for leave to file his appeals of the September 15, 2017, judgment entries. This Court denied Yates's motions for leave on October 11, 2018, finding that he did not have good cause to file delayed appeals. Yates filed motions for reconsideration, which this Court similarly denied on November 9, 2018.

{¶8} While the appeals before this Court were pending, Yates filed petitions for postconviction relief in both trial court cases arguing, *inter alia*, that he suffered from Bipolar Disorder, PTSD, and Depression, that these disorders prevented him from having the requisite mental culpability to commit the charged crimes, and that

---

[4] The final hearing was continued multiple times.

-4-

his attorney was ineffective for failing to raise these and related issues before the trial court.

{¶9} On November 9, 2018, Yates filed motions for summary judgment on his petitions, arguing that he was entitled to relief and that the State had failed to respond. If he was not granted summary judgment, Yates requested that he be at least granted a hearing. He also requested findings of fact and conclusions of law pursuant to the postconviction relief statute.

{¶10} On January 28, 2019, the State filed responses to Yates's motions for summary judgment, contending that this Court had denied Yates's motions for leave to appeal, and his requests for reconsideration. The State summarily contended that Yates's motions were without merit and should be denied by the trial court.

{¶11} On February 7, 2019, the trial court filed judgment entries denying Yates's petitions for postconviction relief, stating in pertinent part as follows.

> **The Court has reviewed the files, the pleadings, and response from the State of Ohio. Further, based upon an identical issue that was previously raised with the Court of Appeals, and with the Court of Appeals decision filed on October 12, 2018, the Court finds defendant's Petition * * * not to be well taken.**

(Docs. 91; 68). It is from these judgments that Yates appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court committed prejudicial error when it denied appellant's postconviction petition without making the statutory mandated findings of fact and conclusions of law.**

**{¶12}** On appeal, Yates argues that the trial court erred by failing to make sufficient findings of fact and conclusions of law when denying his petitions for postconviction relief. More specifically, Yates argues that the trial court's entries denying his petitions were conclusory. In addition, Yates contends that the trial court's statement that it had reviewed the response from the State of Ohio could not be true because the State did not file a response. Further, Yates argues that the trial court's statement that he made identical claims on appeal was inaccurate.

### Standard of Review

**{¶13}** " ' "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." ' " *State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 10, quoting *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. An abuse of discretion implies the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St. 2d 151, 157 (1980).

### Analysis

**{¶14}** In this case, Yates did not file timely direct appeals with this Court from the trial court's final judgments revoking his community control and imposing

his aggregate prison term. Subsequently, Yates filed petitions for postconviction relief with the trial court, arguing, *inter alia*, that he received ineffective assistance of counsel with respect to his original convictions in both trial court cases. He contended that his counsel failed to address potential mental health issues prior to entering his pleas.

**{¶15}** Notably, the doctrine of res judicata places a significant restriction on the availability of postconviction relief. *State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 13, citing *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 12. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " (Emphasis deleted.) *State v. Cole,* 2 Ohio St.3d 112, 113 (1982), quoting *State v. Perry,* 10 Ohio St.2d 175 (1967) at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, *or could have been*, raised in the context of the petitioner's trial or direct appeal." (Emphasis added.) *State v. Hessler,* 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 37.

{¶16} In this case, Yates attempts to contend that his mental health issues were unknown or not discoverable at the time of trial, or during timely direct appeals, but the record does not support this contention. These issues could have been raised during trial and are thus barred by res judicata. For this reason alone we could find that the trial court did not err in denying his petitions for postconviction relief.

{¶17} Nevertheless, as to the trial court's actual findings made in denying Yates's petitions, which Yates contends were inadequate, the trial court stated that in reaching its decision to deny Yates's petitions, it had reviewed the files, pleadings, and the response from the State of Ohio.[5] The trial court also referenced Yates's failed attempt at a delayed appeal, indicating that Yates had made the same arguments to this Court. While Yates contends that he did not make the same arguments to this Court, his claim is barred by res judicata because he could have raised it to this Court even if he did not, which seems to be what the trial court was likely stating in its entries denying his petitions. Yates may feel that the trial court's findings of fact and conclusions of law were inadequate, but the trial court's denials were not an abuse of discretion where the trial court had reviewed the record and Yates could have raised his issues to the trial court previously or on direct appeal.

---

[5] Contrary to Yates's claim that the State did not file any response in this matter, the State did, in fact, file a response to Yates's summary judgment motions.

**{¶18}** In addition, we cannot find that the trial court failed to comply with the statute requiring findings of facts and conclusions of law. Although the trial court could have written a more thorough analysis to make its decision clearer, the trial court's determination was not so deficient as to prevent meaningful review. Therefore, Yates's assignment of error is overruled.

*Conclusion*

**{¶19}** For the foregoing reasons, Yates's assignment of error is overruled and the judgment of the Seneca County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**