[Cite as *State v. Parsons*, 2020-Ohio-3917.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

        CASE NO. 7-20-01

    v.

CULLEN A. PARSONS,

        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 15CR0082

**Judgment Affirmed**

**Date of Decision:  August 3, 2020**

APPEARANCES:

    *Andrew R. Mayle* **for Appellant**

    *Gwen Howe-Gebers* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Cullen Parsons ("Parsons") brings this appeal from the judgment of the Court of Common Pleas of Henry County dismissing his appeal for postconviction relief. On appeal Parsons claims the trial court erred in denying the motion without first holding a hearing. For the reasons set forth below, the judgment is affirmed.

{¶2} Following a jury trial, Parsons was found guilty of one count of attempted murder in violation of R.C. 2903.02(A), a felony of the first degree with a firearm specification, one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree with a firearm specification, and one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(A), a felony of the fourth degree. Doc. 46. The trial court sentenced Parsons to a prison term. *Id.* Parsons appealed his convictions and sentences. Doc. 47. On appeal, Parsons argued that 1) the search of his vehicle violated the Fourth Amendment of the U.S. Constitution; 2) the convictions were not supported by sufficient evidence; 3) the convictions were against the manifest weight of the evidence; 4) he was denied the effective assistance of counsel; 5) the prosecutor failed to disclose exculpatory evidence; and 6) his convictions were allied offenses which should have been merged at sentencing. *State v Parsons*, 3d Dist. Henry No. 7-16-08, 2017-Ohio-1315, 88 N.E.3d 624 (hereinafter "*Parsons I*"). On April 10, 2017, this Court affirmed the convictions of the trial court, but found that the

sentences should have merged and remanded the matter to the trial court for resentencing. *Id*. at ¶ 88. A resentencing hearing was held on August 22, 2018. Doc. 85. At that time, the trial court merged the convictions and sentenced Parsons to seven years in prison for the attempted murder conviction with a five year prison term to be served consecutive for the firearm specification for an aggregate prison term of 12 years. *Id*.

{¶3} On July 11, 2017, Parsons' filed a petition for postconviction relief alleging that he was denied the effective assistance of counsel for multiple reasons. Doc. 62. The State filed its response to the petition on August 2, 2017. Doc. 65. The trial court denied the petition without an evidentiary hearing on September 20, 2017. Doc. 71. Parsons appealed from this decision. Doc. 73. On April 9, 2018, this Court affirmed the trial court's denial of the petition for postconviction relief because Parsons had not, at that time been resentenced, so the petition was premature. *State v. Parsons*, 3d Dist. Henry No. 7-17-06, 2018-Ohio-1346.

{¶4} On July 27, 2018, Parsons filed a motion seeking a new trial pursuant to Criminal Rule 33. Doc. 79. The State filed its response in opposition to the motion on August 6, 2018. Doc. 80. On August 20, 2018, the trial court denied the motion. Doc. 84. Parsons appealed this decision as well. Doc. 87. Parsons claimed on appeal that he was entitled to a new trial because there was an error at law made in denying his motion to suppress. *State v. Parsons*, 3d Dist. Henry No. 7-18-29, 2019-Ohio-824, ¶ 6 (hereinafter "*Parsons III*"). On March 11, 2019, this Court

affirmed the judgment of the trial court holding that since the change of law did not occur until after his trial, he was not entitled to a new trial. *Id*. at ¶ 8.

{**¶5**} On September 23, 2019, Parsons filed another petition for postconviction relief alleging 1) he was denied effective assistance of counsel at trial and 2) the plain view doctrine should not have applied in his case. Doc. 93. The State filed its response to Parsons' petition on October 21, 2019. Doc. 93. The trial court dismissed the motion without a hearing on December 5, 2019. Doc. 98. Parsons brings this appeal from that judgment. Doc. 99. On appeal, Parsons raises the following assignment of error.

> **The trial court erroneously denied Parsons' motion for postconviction relief without holding a hearing.**

{**¶6**} The sole assignment of error questions whether the trial court should have dismissed the motion without a hearing. Petitions for postconviction relief are controlled by R.C. 2953.21, which provides as follows.

> **(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, any person who has been convicted of a criminal offense and sentenced to death and who claims that there was a denial or infringement of the person's rights under either of those Constitutions that creates a reasonable probability of an altered verdict, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence**

**related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.**

**\* \* \***

**(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.**

**\* \* \***

**(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.**

R.C. 2953.21. The trial court is not required to hold an evidentiary hearing where

the petition is untimely and no substantive grounds for relief appear on the face of

the petition. *State v. Clay*, 7th Dist. Mahoning NO. 17-MA-0113, 2018-Ohio-985,

108 N.E.3d 642. No hearing is merited if the petition for postconviction merely

-5-

raises claims that were previously raised or could have been raised previously as those claims are barred by the doctrine of *res judicata*. *State v. Keith*, 176 Ohio App.3d 260, 2008-Ohio-741, ¶ 24, 891 N.E.2d 1191 (3d Dist.).

{¶7} In this case, Parsons argues that the search of the vehicle was prohibited by the ruling of the U.S. Supreme Court in *Collins v. Virginia*, ___ U.S. ___, 138 S.Ct. 1663, 201 L.Ed.2d 9 (2018). This court addressed the applicability of *Collins* in this case and determined that since *Collins* was decided in 2018 and the trial was held in 2016, there was no error in law at the time it was made. *Parsons III* at ¶ 7. Even if this Court were to find that Parsons is correct, that a change in the law occurred, and that an error in law had been made, the outcome would not have changed. The officers were complying with the law as it existed at the time of the search. The U.S. Supreme Court has held that when police conduct a search in objectively reasonable reliance on the law as it existed at the time, the exclusionary rule does not apply even if the laws subsequently change. *See Davis v. United States*, 564 U.S. 229, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011), and *Illinois v. Krull*, 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). This position has also been held by the Ohio Supreme Court which held that the exclusionary rule was not applicable to a search conducted in accord with the current law when the law was changed. *State v. Johnson*, 141 Ohio St.3d 136, 2014-Ohio-5021, 22 N.E.3d 1061. In *Johnson*, the court noted that reasonable officers are not expected to anticipate changes in Fourth Amendment Jurisprudence and determined that the good faith

exception is applicable when new developments in the law change prior rules. *Id.* at ¶ 48 citing *United State v. Sparks*, 711 F.3d 58 (1st Cir. 2013). Even if we presume that Parsons is correct and there was a shift in the law for Fourth Amendment purposes, the officers at the time complied with what the law required at the time. Thus the exclusionary rule would not apply in this case.

{¶8} Additionally, *Collins* dealt with a situation where the officers went into a partially enclosed portion of the driveway and lifted a tarp to inspect the motorcycle contained therein. This is substantially different from the case before us. Here, the police saw the vehicle parked just off the driveway. When the officer turned away from the vehicle, he observed the gun located on the ground in the plain view of anyone who looked. As noted in *Parsons I*, an officer saw the suspected vehicle sitting by the driveway with its doors open, and the defendant behaved suspiciously by throwing something behind a tree as an officer approached and then running towards the officers. *Parsons I* at ¶ 28. Given this evidence, it would be reasonable for an officer to step off the driveway to check the vehicle to see if anyone was in it. The gun was not found inside the vehicle and no search was conducted for it. The officer saw it as he was turning around and his flashlight beam reflected off the metal of the gun. The gun was laying on the ground in plain view of anyone who happened to be there. Thus the facts of this case are easily distinguishable from those in *Collins*. For these reasons, the assignment of error is overruled.

{¶9} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Henry County is affirmed.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**