NUNC PRO TUNC,[1] OPINION
[1] This Nunc Pro Tunc Opinion was issued to correct a clerical error contained in the original opinion released March 20, 2008, and is effective as of that date.
{¶ 1} Defendant-appellant, Todd L. Hatfield, appeals from a judgment of the Franklin County Court of Common Pleas denying his R.C. 2953.23
petition for post-conviction relief and denying his motion for summary judgment. Because the trial court properly concluded appellant's petition was untimely, we affirm. *Page 2 
 {¶ 2} On November 26, 2003, a jury found appellant guilty of one count of aggravated murder, one count of tampering with evidence, and one count of gross abuse of a corpse. In his original, direct appeal to this court, we affirmed those convictions but remanded the matter for resentencing. State v. Hatfield, Franklin App. No. 04AP-402,2004-Ohio-6450. After appellant's resentencing, this court remanded the matter again for resentencing in accordance with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On October 23, 2006, the trial court again resentenced appellant. This court affirmed that sentence. State v.Hatfield, Franklin App. No. 06AP-1205, 2007-Ohio-3735.
 {¶ 3} On May 17, 2007, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. His petition asserted a number of claims that arose out of his original trial. On August 10, 2007, appellant filed a motion for summary judgment on those claims. On August 24, 2007, the trial court denied appellant's petition as untimely and also denied his motion for summary judgment.
 {¶ 4} Appellant appeals and assigns 11 assignments of error. However, those assignments of error do not address the jurisdictional issue that must be considered first: whether the trial court erred in determining that his petition was untimely. The State claims that the trial court properly dismissed appellant's petition because it was untimely. We agree.
 {¶ 5} R.C. 2953.21 sets forth the requirements for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides:
 [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is *Page 3 
taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 6} Pursuant to this statute, appellant had to file his post-conviction petition no later than 180 days after May 26, 2004, the date the trial transcript was filed in his direct appeal of the judgment of conviction to this court. That date was on or around November 22, 2004. Appellant did not file his petition until May 17, 2007. Therefore, appellant's petition was untimely.
 {¶ 7} A trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. State v. Lee (June 8, 2000), Franklin App. No. 99AP-668; State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524, at ¶ 5. Those exceptions allow a trial court to consider untimely petitions for post-conviction relief in limited situations. Appellant did not allege, much less establish, that one of the exceptions applied to his petition. With regard to R.C.2953.23(A)(1), he did not allege that he was unavoidably prevented from discovering the facts upon which he relies in his petition or that his claim was based on a new federal or state right recognized by the United States Supreme Court that could be retroactively applied to appellant's case. Additionally, there is no indication that DNA results establish appellant's actual innocence. R.C. 2953.23(A)(2).
 {¶ 8} Because appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition, the trial court lacked jurisdiction to entertain his petition for post-conviction relief. State v. Russell, Franklin App. No. 05AP-391, 2006-Ohio-383, at ¶ 10. Accordingly, the trial court did not err in denying appellant's petition, although technically, the petition should have been *Page 4 
dismissed for lack of jurisdiction. State v. Hamilton, Franklin App. No. 03AP-852, 2004-Ohio-2573, at ¶ 9; State v. Hensley, Lorain App. No. 03CA008293, 2003-Ohio-6457, at ¶ 7. For the same reason, the trial court also did not err in denying appellant's motion for summary judgment. SeeHamilton, citing State v. McGee, Lorain App. No. 01CA007952, 2002-Ohio-4249, at ¶ 11-15 (no need to address motion for summary judgment when petition dismissed as untimely).
 {¶ 9} Our disposition of the jurisdictional issue renders moot appellant's assignments of error, which address the merits of his petition. Raines, at ¶ 7. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.
 Judgment affirmed. BROWN and FRENCH, JJ., concur. *Page 1