[Cite as *State v. Kegley*, 2016-Ohio-2983.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,                                    CASE NO. 3-15-20

   PLAINTIFF-APPELLEE,

 v.

BART W. KEGLEY,                                  O P I N I O N

   DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 14-CR-0072

Judgment Reversed and Remanded

Date of Decision:  May 16, 2016

APPEARANCES:

   *Adam Charles Stone* for Appellant

   *Ryan M. Hoovler* for Appellee

**WILLIAMOWSKI, J.**

{¶1} Defendant-appellant Bart W. Kegley ("Kegley") brings this appeal from the judgment of the Court of Common Pleas of Crawford County revoking his community control and imposing a prison sentence of 84 months. Kegley argues on appeal that the trial court erred by 1) failing to set forth findings of fact regarding the revocation of community control and 2) imposing an 84 month prison sentence. For the reasons set forth below, the judgment is reversed and the matter is remanded for further proceedings.

{¶2} On April 14, 2014, the Crawford County Grand Jury indicted Kegley on one count of possession of drugs in violation of R.C. 2925.11(C)(3)(d), a felony of the third degree; one count of possession of drugs in violation of R.C. 2925.11(C)(4)(a), a felony of the fifth degree; and one count of the illegal cultivation of marijuana in violation of R.C. 2925.04(A),(C)(5)(d), a felony of the second degree. Doc. 1. Kegley initially entered a plea of not guilty. Doc. 5. On September 23, 2014, a written change of plea was entered. Doc. 22. Pursuant to a plea agreement, Kegley entered pleas of guilty to Counts One and Two of the Indictment and guilty to an Amended Count Three for illegal cultivation of marijuana, a felony of the third degree. *Id*. As part of the agreement, Kegley agreed to the following sentence:

> **On Counts I, II, and III the Defendant will be sentenced to five years Community Control of basic supervision with the special**

**condition that the defendant successfully complete an alcohol and drug assessment and complete all recommended treatment.**

**\* \* \***

**The Defendant understands that if he/she fails to successfully complete Community Control that he/she is subject to thirty-six (36) months of prison on Count I; twelve (12) months in prison on count II; and thirty-six (36) months prison on *amended* count III for a total of eighty-four (84) months in prison.**

*Id*. at 3. The plea agreement/change of plea was signed by Kegley, his counsel, the prosecutor, and the trial judge. *Id*. at 3-4. The sentencing hearing was held that same day and the trial court imposed the agreed upon sentence. Doc. 23.

{¶3} On August 24, 2015, Kegley's probation officer filed a show cause motion requesting that Kegley's community control be revoked due to him having marijuana and drug paraphernalia in his possession as well as testing positive for the use of cocaine and marijuana. Doc. 26. A hearing was held on the motion on November 30, 2015. Doc. 38. Kegley admitted to the violations at the hearing and the trial court then revoked his community control and sentenced him to an aggregate sentence of 84 months in prison. *Id*. Kegley filed a timely notice of appeal. Doc. 41. On appeal, Kegley raises the following assignments of error.

### First Assignment of Error

**The trial court committed plain error in violation [of] R.C. 2929.14(C) and R.C. 2929.15(B) when it revoked [Kegley's] community control and sanctioned him to the full eighty-four (84) month prison term without providing specific findings and explanations as to why it imposed that maximum sentence.**

## Second Assignment of Error

**The trial court abused its discretion when it revoked [Kegley's] community control and sanctioned him to the full eighty-four (84) month prison term to which he was originally sentenced in the underlying case <u>State of Ohio v. Kegley, Bart W.,</u> Crawford County Common Pleas Court, Case No. 14-CR-0072.**

{¶4} Before this court addresses the assignments of error regarding the sentence raised by Kegley, we must first address the State's argument that the sentence is not subject to appellate review. Generally, a defendant has the right to appeal a sentence which imposes maximum, consecutive sentences. R.C. 2953.08(A),(C). However, "[a] sentence imposed upon a defendant is not subject to review * * *if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). The State argues that since the fact that the plea agreement stated that Kegley could receive a total prison term of 84 months, he agreed to that sentence. However, the agreement concerning the possible prison term was nothing more than a recitation of the maximum sentence for each offense and the possibility of them being ordered to be served consecutively for a total prison term of 84 months. The agreement did not state that Kegley agreed that 84 months in prison would be the penalty for any violation. The trial court is required by law to notify a defendant of what the possible prison terms could be prior to accepting a plea agreement. Crim.R. 11(C). That is what occurred. The language of the plea agreement did not state that if Kegley violated community control, he

-4-

would receive maximum, consecutive sentences. Thus, Kegley did not agree to the imposition of maximum, consecutive sentences for a violation of community control and the sentence is subject to judicial review.

{¶5} In the first assignment of error, Kegley argues that the trial court erred by imposing maximum, consecutive sentences without making the required findings.

> **(B)(1) If the conditions of a community control sanction are violated * * * , the sentencing court may impose upon the violator one or more of the following penalties:**
>
> **(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;**
>
> **(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;**
>
> **(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.**
>
> **(2) The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.**

Here, Kegley admitted that he had violated the terms of his community control. The trial court then had the authority to impose a prison term within the statutorily

allowed range. However, this does not change the requirement that the trial court must still comply with the sentencing requirements of R.C. 2929.14.

{¶6} Before a trial court may impose consecutive sentences, it must make certain findings.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, 2929.18], or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). A review of the record in this case indicates that maximum, consecutive sentences were imposed, but the trial court failed to make any findings as required by statute. The failure to make these findings is clearly and convincingly contrary to law. The first assignment of error is thus sustained.

{¶7} The second assignment of error argues that the trial court abused its discretion in imposing maximum, consecutive sentences in this case. Having found that the trial court erred by not making the statutorily required findings prior to imposing consecutive sentences, we need not determine whether the sentence was also an abuse of discretion. The second assignment of error is rendered moot by the finding of an error of law in the first assignment of error and will not be addressed by this court at this time. App.R. 12(A)(1)(c).

{¶8} Having found error prejudicial to the appellant, the judgment of the Court of Common Pleas of Crawford County is reversed and the matter is remanded for a new sentencing hearing.

*Judgment Reversed*
*And Remanded*

**SHAW, P.J. and ROGERS, J., concur.**

**/hls**