[Cite as *State v. Kegley*, 2018-Ohio-4167.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 3-18-03

    v.

BART W. KEGLEY,                        O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Crawford County Common Pleas Court
Trial Court No. 14 CR 72

Judgment Affirmed

Date of Decision: October 15, 2018


APPEARANCES:

    *Rhys Brendan Cartwright-Jones* for Appellant

    *Ryan M. Hoovler* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Bart W. Kegley ("Kegley"), appeals the January 30, 2018 judgment entry of the Crawford County Court of Common Pleas. We affirm.

{¶2} In 2014, Kegley was convicted of two counts of possession of drugs in violation of R.C. 2925.11(C)(3)(d) and 2925.11(C)(4)(a), third-degree and fifth-degree felonies, respectively, and one count of the illegal cultivation of marihuana in violation of R.C. 2925.04(A), (C)(5)(d), a second-degree felony. *State v. Kegley*, 3d Dist. Crawford No. 3-15-20, 2016-Ohio-2983, ¶ 2; *State v. Kegley*, 3d Dist. Crawford No. 3-16-06, 2016-Ohio-8467, ¶ 2-3; (Doc. No. 22). As part of a negotiated-plea agreement, the trial court accepted the parties' joint sentencing recommendation and sentenced Kegley to five years of community control. *Kegley*, 2016-Ohio-2983, at ¶ 2; *Kegley*, 2016-Ohio-8467, at ¶ 3; (Doc. Nos. 22, 23).

{¶3} In December 2015, the trial court concluded that Kegley violated the terms of his community control, revoked Kegley's community control, imposed the maximum prison term on each of the three counts, and ordered Kegley to serve the prison terms consecutively for an aggregate term of 84 months. *Kegley*, 2016-Ohio-2983, at ¶ 3; *Kegley*, 2016-Ohio-8467, at ¶ 4-5; (Doc. No. 38). Kegley appealed the trial court's decision revoking his community control and imposing the 84-month prison term. *Kegley*, 2016-Ohio-2983, at ¶ 3; *Kegley*, 2016-Ohio-8467, at ¶ 6; (Doc.

No. 41). On May 16, 2016, this court reversed the trial court's sentence after concluding that it was contrary to law because the trial court failed to make the statutory findings necessary to impose consecutive sentences as required by R.C. 2929.14(C)(4). *Kegley*, 2016-Ohio-2983, at ¶ 6, 8; *Kegley*, 2016-Ohio-8467, at ¶ 7; (Doc. Nos. 48, 49).

{¶4} On May 26, 2016, the trial court resentenced Kegley to an aggregate 67-month prison term. *Kegley*, 2016-Ohio-8467, at ¶ 8; (Doc. No. 53). On May 31, 2016, Kegley appealed the trial court's decision imposing the 67-month prison term. *Kegley*, 2016-Ohio-8467, at ¶ 1; (Doc. No. 54). On December 29, 2016, this court affirmed the judgment of the trial court; however, we remanded the case "solely for the trial court to enter a nunc pro tunc entry that includes the consecutive sentencing findings that it made at the May 26, 2016 resentencing hearing." *Kegley*, 2016-Ohio-8467, at ¶ 33; (Doc. No. 62). The trial court issued its nunc pro tunc sentencing entry on January 11, 2017. (Doc. No. 63).

{¶5} On December 27, 2017, Kegley filed a motion to vacate his sentence arguing that his sentence is void because the trial court imposed community control for a felony offense without ordering or considering a presentence investigation ("PSI"). (Doc. No. 64). On January 16, 2018, the State filed its memorandum in opposition to Kegley's motion. (Doc. No. 65). On January 30, 2018, treating

-3-

Kegley's motion as a petition for postconviction relief, the trial court denied Kegley's petition. (Doc. No. 66).

**{¶6}** On February 28, 2018, Kegley filed a notice of appeal. (Doc. No. 67). He raises one assignments of error for our review.

### Assignment of Error

**The trial court erred in imposing and affirming a probation sentence on Kegley without a pre-sentence investigation; the sentence is void, and all subsequent proceedings and sentences are likewise void.**

**{¶7}** In his assignment of error, Kegley argues that the trial court erred by recasting his motion as a petition for post-conviction relief and by subsequently denying his petition. Kegley contends that his sentence is void because the trial court imposed community control for a felony offense without ordering or considering a PSI as it is required to do under R.C. 2951.03(A) and Crim.R. 32.2.

**{¶8}** "'Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate.'" *State v. Love*, 7th Dist. Mahoning No. 17 MA 0039, 2018-Ohio-1140, ¶ 17, quoting *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 44. Thus, "[t]he authority to vacate a void judgment is 'an inherent power possessed by Ohio courts.'" *Id.* at ¶ 18, quoting *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of syllabus, and citing *Lingo* at ¶ 48.

**{¶9}** Kegley's argument that the trial court erred by recasting his motion to vacate as a petition for postconviction relief is meritless because Kegley's sentence is not void. The Supreme Court of Ohio has concluded that "[a] trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report." *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, ¶ 16 (O'Neill, J. with three Justices concurring in judgment only).[1] Accordingly, "[t]here is no dispute that the trial court was required by R.C. 2951.03(A)(1) and Crim.R. 32.2 to order and consider a presentence investigation report prior to imposing community control for a felony offense." *State v. Knuckles*, 9th Dist. Summit No. 27571, 2015-Ohio-2840, ¶ 9, citing *Amos* at ¶ 14-15. It is undisputed that the trial court did not order or consider a PSI prior to sentencing Kegley to community control for a felony offense. (*See* Appellee's Brief at 14).

**{¶10}** In light of the trial court's failure, Kegley urges this court to follow the Fourth District Court of Appeals and conclude that a trial court's imposition of

---

[1] "Although the Supreme Court's decision in *Amos* is fractured, three Justices agreed with the judgment as set forth in Justice O'Neill's lead opinion." *State v. Marcum*, 10th Dist. Franklin No. 15AP-421, 2015-Ohio-5237, ¶ 17. "The sole holding of the Supreme Court was a 'trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report.'" *Id.*, quoting *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, ¶ 16. "Thus, even though the three concurring Justices apparently did not agree with the lead opinion's reasoning leading to the resolution of the matters, the import of the judgment of the majority is clear—it is reversible error for a trial court to impose a community control sanction on a felony offender without first ordering and considering a presentence investigation report." *Id.*

community control for a felony offense without ordering or considering a PSI as it is required to do under R.C. 2951.03(A) and Crim.R. 32.2 renders a sentence void. *See State v. Klein*, 4th Dist. Meigs No. 15CA12, 2016-Ohio-5315. We decline Kegley's invitation. Kegley wholly ignores contradictory precedent of the Ninth District, which the Fourth District distinguished in its opinion in *Klein*, concluding that a trial court's failure to order and consider a PSI when imposing community control for a felony offense renders a sentence voidable. *Knuckles* at ¶ 11.

{¶11} We agree with the Ninth District that a trial court's failure to order and consider a PSI as it is required to do under R.C. 2951.03(A) and Crim.R. 32.2 when imposing community control for a felony offense renders a sentence voidable. Simply because a sentence can be contrary to law does not also make the sentence void. *See Knuckles* at ¶ 10 (noting that the Supreme Court of Ohio's reference in its opinion in *Amos* "to the trial court's action being 'contrary to law' [did] not suggest that the sentence is void"); *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 44 (Lanzinger, J., dissenting) ("A finding that a sentence was 'contrary to law' * * * meant that the sentence could be corrected as a voidable sentence, rather than that it was a void sentence (i.e., a nullity because of lack of jurisdiction) that could be collaterally attacked at any time."). Therefore, we conclude that this type of sentencing error is not jurisdictional and is correctable on direct appeal. *See Williams* at ¶ 40-44 (Lanzinger, J., dissenting).

{¶12} The void-voidable concept is rooted in the trial court's jurisdiction to impose a sentence. *See id.* at ¶ 40-44 (Lanzinger, J., dissenting). "Under traditional jurisprudence, sentencing errors were not jurisdictional." *Id.* at ¶ 40 (Lanzinger, J., dissenting), citing *Ex Parte Shaw*, 7 Ohio St. 81 (1857). Indeed, "'a void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act.'" *Id.*, quoting *State v. Payne*, 14 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27, citing *State v. Wilson*, 73 Ohio St.3d 40, 44 (1995). "'Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously.'" *Id.*, quoting *Payne* at ¶ 27, citing *State v. Filiaggi*, 86 Ohio St.3d 230, 240 (1999).

{¶13} The Supreme Court of Ohio departed from the "clear principles" of traditional jurisprudence "with the attempts to remedy a trial court's error in imposing postrelease control as part of a sentence or in failing to impose mandatory postrelease control." *Id.* at ¶ 46 (Lanzinger, J., dissenting), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197.[2] The court's departure from the traditional understanding of void and voidable sentences resulted in mass confusion as to what mistakes by a trial court rendered a sentence void or voidable. *See id.* at ¶ 55 (Lanzinger, J., dissenting). In an attempt to return the proverbial horse to the barn, at least partially, the court limited the vein of nonjurisdictional-void sentencing

---

[2] This writer fully concurs with Justice DeWine's concurring opinion in *State v. Grimes*. 151 Ohio St. 3d 19, 2017-Ohio-2927, ¶ 28 (DeWine, J., concurring).

errors to cases "'in which a court does not properly impose a statutorily mandated period of postrelease control.'" *Id.* at ¶ 51 (Lanzinger, J., dissenting) (discussing the Supreme Court of Ohio's intent to limit nonjurisdictional-void sentencing errors to postrelease-control errors), quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-6238, ¶ 31.

**{¶14}** Notwithstanding the court's limiting language, the court has carelessly taken quotations from its opinion in *Fischer* "out of context" and expanded "their meanings * * * beyond the original intent." *Id.* at ¶ 54 (Lanzinger, J., dissenting) (noting that the Supreme Court has misquoted *Fischer* "to say that any sentencing error or *any* failure to comply with a statutory provision makes a sentence void and subject to correction at any time"). This sloppiness has expanded the void-sentencing-error concept beyond postrelease-control cases to include other random nonjurisdictional-sentencing errors. *See, e.g.*, *id.* at ¶ 28 (Lanzinger, J., dissenting); *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, ¶ 15 (holding that a sentence was void in part for failure to include a mandatory driver's license suspension); *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 13 (holding that res judicata did not bar a defendant from arguing that his guilty plea to a charge of escape was void due to a postrelease-control-sentencing error); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, ¶ 14 (holding that the failure to impose a mandatory fine when no affidavit of indigency had been filed renders that part of the sentence void).

However, the court has *not* misapplied its limiting language in *Fischer* to expand the scope of nonjurisdictional-void sentencing errors to include a trial court's failure to order a PSI as required by R.C. 2951.03(A) and Crim.R. 32.2 when imposing community control for a felony offense. *See, e.g.*, *Williams* at ¶ 54 (Lanzinger, J., dissenting) (discussing the non-postrelease-control-sentencing errors that the Supreme Court has determined renders a sentence void).

{¶15} A trial court's inadvertent failure to comply with the mandate of R.C. 2951.03(A) and Crim.R. 32.2 is not a jurisdictional error. "Erroneous judgments, procedural mistakes, and sentencing errors can all arise because a mandatory statutory requirement was not followed. But these errors are not necessarily the result of attempts to act without authority or to disregard statutory requirements." *Id.* at ¶ 55 (Lanzinger, J., dissenting). In other words, a trial court's inadvertent failure to comply with a statutory requirement is not akin to a trial court's intentional attempt to circumvent a known statutory requirement. *Id.* ("Attempting to disregard a statute is not the same as making an inadvertent error."). In this case, the trial court did not lack jurisdiction to impose community control for Kegley's felony offenses. There is no evidence in the record that the trial court intentionally attempted to disregard the requirement of R.C. 2951.03(A) and Crim.R. 32.2. That is, there is no evidence in the record that the trial court's error is anything but an

inadvertent mistake. Inadvertent mistakes are not jurisdictional and do not render a sentence void.

{¶16} Defendants suffering from a sentence that was imposed irregularly or erroneously by a court with jurisdiction to impose that sentence may seek remedial relief as provided by App.R. 4(A), Crim.R. 36, or R.C. 2953.21. *Id.* at ¶ 65 (Lanzinger, J., dissenting) ("Voidable sentences * * * may be modified or corrected within the time limits provided for appeal pursuant to App.R. 4(A), clerical error pursuant to Crim.R. 36, or postconviction relief pursuant to R.C. 2953.21."). In contrast, truly void errors can be collaterally attacked at any time because they are jurisdictional. *Id.* at ¶ 44 (Lanzinger, J., dissenting). *See also Love*, 2018-Ohio-1140, at ¶ 19 ("When a judgment is void * * *, the issue can be raised at any time."), citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 17, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, and *Lingo*, 138 Ohio St.3d 427, 2014-Ohio-1052, at ¶ 44 ("A void judgment is a nullity and open to collateral attack at any time."). "In other words, this inherent power of a court is not subject to a time limitation." *Love* at ¶ 19.

{¶17} "Furthermore, the doctrine of res judicata can be surmounted where a judgment is void for lack of subject matter jurisdiction." *Id.*, citing *Kuchta* at ¶ 17, *Wilson*, 73 Ohio St.3d at 44-45, fn. 6, and *State v. Perry*, 10 Ohio St.2d 175, 178-179 (1967). "Under the doctrine of res judicata, a final judgment of conviction bars

a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *Perry* at paragraph nine of the syllabus.

{¶18} Because Kegley's sentence was imposed irregularly or erroneously by way of inadvertent mistake, his remedy was to modify or correct his sentence on direct appeal.

> Ohio's rules and statutes do not allow for correction of sentences "at any time." Both the state and the defendant have the right to appeal sentences on grounds that the "sentence is contrary to law." R.C. 2953.08(B)(2) and 2953.08(A)(4). However, both parties are expected to follow the time limits expressed in R.C. 2953.08(E). That means, within 30 days from the entry of the judgment of conviction, a party who wishes to challenge a sentence must file an appeal. App.R. 4(A). Sentences are considered res judicata if no appeal is taken within that time. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 19 (a sentence from which no direct appeal is taken is considered res judicata).

*Williams* at ¶ 58 (Lanzinger, J., dissenting). Kegley failed to raise his argument in either of his direct appeals that his sentence is contrary to law because the trial court

failed to order a PSI when it imposed community control for his felony offenses. Therefore, Kegley's argument is barred by the doctrine of res judicata. *See Knuckles*, 2015-Ohio-2840, at ¶ 12.

**{¶19}** Although the trial court could have denied Kegley's motion to vacate because his sentencing argument is barred by the doctrine of res judicata, a trial "court faced with a motion filed after a conviction can proceed to analyze the motion under the postconviction relief statutes where the defendant's voidness argument fails." *Love*, 2018-Ohio-1140, at ¶ 21. For these reasons, we conclude that the trial court did not err by recasting his motion to vacate as a petition for postconviction relief. Therefore, we will address the propriety of the trial court's denial of Kegley's petition. *Id.* at ¶ 27 (concluding that, when motions that do "not raise an issue that would void the conviction, the motion [can] then be evaluated as a postconviction relief petition").

**{¶20}** R.C. 2953.21, the statute which governs petitions for postconviction relief, sets forth who may petition for postconviction relief:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds

for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a). The statute sets forth the time requirements for filing a petition for postconviction relief and provides, in relevant part,

a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

R.C. 2953.21(A)(2).

{¶21} A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the defendant demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Martin*, 10th Dist. Franklin No. 17AP-6, 2017-Ohio-5657, ¶ 9; R.C. 2953.23(A). A trial court may not entertain an untimely postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief,

or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). "If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial or the sentencing hearing, no reasonable fact-finder would have found him guilty of the offenses." *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 13; R.C. 2953.23(A)(1)(b).

{¶22} "Once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary." *State v. Morgan*, 3d Dist. Shelby No. 17-04-11, 2005-Ohio-427, ¶ 6, citing *State v. Beaver*, 131 Ohio App.3d 458 (11th Dist.1998). Trial courts should *dismiss* untimely postconviction petitions for lack of jurisdiction; nevertheless, a trial court does not commit reversible error by *denying* an untimely postconviction petition. *State v. Hatfield*, 10th Dist. Franklin No. 07AP-784, 2008-Ohio-1377, ¶ 8, citing *State v. Hamilton*, 10th Dist. Franklin No. 03AP-852, 2004-Ohio-2573, ¶ 9 and *State v. Hensley*, 9th Dist. Lorain No. 03CA008293, 2003-Ohio-6457, ¶ 7.

{¶23} "'"[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible

evidence."'"" *State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 10, quoting *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

**{¶24}** The trial court did not abuse its discretion by denying Kegley's petition for postconviction relief. Even if we give Kegley the benefit of calculating his statutory window of time from the time that the trial transcripts were filed in his latest appeal—July 21, 2016,—Kegley's petition, filed on December 27, 2017, was filed more than 365 days after the date on which those transcripts were filed in this court. As such, the trial court lacked jurisdiction to consider Kegley's untimely petition for postconviction relief unless he demonstrated that one of the exceptions in R.C. 2953.23(A)(1) applies.

**{¶25}** Kegley's sentencing argument does not satisfy any of the timeliness exceptions under R.C. 2953.23(A). Kegley neither asserted that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in Kegley's situation, nor argued that he was unavoidably prevented from discovering the trial court's failure to order and consider a PSI before sentencing him to community control for his felony offenses. Indeed, ""[t]he phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence."'"" *State v. Aultman*, 2d Dist. Champaign No. 2016-CA-14, 2017-Ohio-758, ¶ 19, quoting *State v. Rainey*, 2d

Dist. Montgomery No. 23851, 2010-Ohio-5162, ¶ 13, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. Kegley makes no argument that he was unaware of the trial court's failure to order and consider the PSI or unable to learn of the trial court's omission through the exercise of reasonable diligence. Rather, an argument regarding the trial court's omission was available to Kegley at the time of sentencing.

**{¶26}** For these reasons, we conclude that the trial court lacked jurisdiction to consider Kegley's untimely petition. Because the trial court lacked jurisdiction to consider Kegley's petition, the trial court should have dismissed his petition. *State v. Draper*, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 12; *Morgan*, 2005-Ohio-427, at ¶ 5-6. Nevertheless, the trial court did not commit reversible error by denying Kegley's petition in this case. *Hatfield*, 2008-Ohio-1377, at ¶ 8, citing *Hamilton*, 2004-Ohio-2573, at ¶ 9 and *Hensley*, 2003-Ohio-6457, at ¶ 7.

**{¶27}** Kegley's assignment of error is, therefore, overruled.

**{¶28}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**