[Cite as *State v. Jones*, 2022-Ohio-3864.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-04-036 |
| | : | O P I N I O N |
| - vs - | | 10/31/2022 |
| | : | |
| SCOTT A. JONES, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-06-1018

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Scott A. Jones, pro se.

**PIPER, P.J.**

{¶1}   Appellant, Scott A. Jones, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief.  For the reasons set forth below, we affirm.

{¶2}   Jones was indicted on two counts of felonious assault, both with firearm specifications.  In November of 2018, a jury found Jones guilty and the court sentenced him

to 11 years in prison.

{¶3} On appeal, this court affirmed Jones' convictions. *State v. Jones*, 12th Dist. Butler Nos. CA2019-01-006 and CA2019-01-008, 2020-Ohio-2672. In October of 2020, the Ohio Supreme Court declined discretionary review of Jones' pro se direct appeal. *State v. Jones*, 161 Ohio St. 3d 1407, 2021-Ohio-106. Jones then filed an application for reopening his appeal which we also denied. *State v. Jones*, 12th Dist. Butler Nos. CA2019-01-006 and CA2019-01-008 (Jan. 20, 2021) (Entry Denying Application to Reopen Appeal). Jones later filed an appeal with the Ohio Supreme Court which declined discretionary review of this court's denial of Jones' application to reopen his appeal. *State v. Jones*, 163 Ohio St. 3d 1418, 2021-Ohio-1606.

{¶4} On February 4, 2021, Jones filed a petition for postconviction relief with the trial court. The state filed a motion for summary judgment, and after the court granted an extension of time, Jones filed a response.

{¶5} On March 16, 2022, the trial court entered a judgment denying Jones' petition for postconviction relief. It is from this order that Jones appeals, raising a single assignment of error for our review.

{¶6} Assignment of Error No. 1:

{¶7} THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONER-APPELLANT, SCOTT A. JONES, IN OVERRULING HIS PETITION FOR POSTCONVICTION RELIEF BY RULING THAT IT WAS UNTIMELY.

{¶8} In his assignment of error, Jones argues that the trial court erred in finding his petition untimely. Specifically, he asserts that the trial court misread the tolling provision issued by the Ohio Supreme Court on March 27, 2020. Jones argues that House Bill 197 and the Ohio Supreme Court tolling provision tolled the deadline for his postconviction relief petition starting March 9, 2020, extending the deadline to file his petition until February 5,

2021. We disagree.

## POSTCONVICTION RELIEF

{¶9} A trial court's decision to grant or deny a postconviction petition will not be reversed absent an abuse of discretion. *State v. Watson*, 12th Dist. Butler No. CA 2016-08-159, 2017-Ohio-1403, ¶ 14. The standard is deferential, requiring the trial court to engage in more than mere error in law or judgment. *Id.* Instead, it requires us to find that the trial court's decision was "unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8.

{¶10} A petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or, if there is no direct appeal, 365 days after the expiration of the time in which a direct appeal could have been filed. R.C. 2953.21(A)(2)(a)-(b). Here, Jones' final transcript was filed on September 16, 2019, making the deadline for Jones to file his petition September 16, 2020.

{¶11} Jones filed his petition on February 4, 2021, well outside the applicable time frame. However, Ohio's statutory procedure does allow the court to entertain an untimely postconviction petition in two narrow circumstances. The court may entertain an untimely petition if the petitioner shows that either (1) he was unavoidably prevented from discovery of the facts upon which he relied in his petition; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of these conditions, he must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found him guilty. R.C. 2953.23(A)(1)(b); *Watson*, 2017-Ohio-1403 at ¶ 17.

{¶12} Jones' does not allege, much less establish, that one of the exceptions applied to his petition. Jones does not claim that he was unavoidably prevented from discovering

- 3 -

facts upon which he relied in his petition, nor does he demonstrate that the United States Supreme Court has recognized a new right that applies retroactively to his situation. Instead, Jones argues that his petition was timely because the deadline to file his petition was tolled by House Bill 197 and the Ohio Supreme Court's tolling order.

## EFFECT OF THE TOLLING ORDER

{¶13} On March 9, 2020, Ohio Governor Mike DeWine issued Executive Order 2020-01D and declared a state of emergency in Ohio in response to COVID-19. On March 27, 2020, the Governor signed into law House Bill 197, which immediately tolled all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code until the expiration of the executive order or July 30, 2020, whichever was sooner. The bill stated that "the following that are set to expire between March 9, 2020, and July 30, 2020, shall be tolled: * * * any other criminal, civil, or administrative time limitation or deadline under the Revised Code." Am.Sub.H.B.No. 197, Section 22(A).

{¶14} On March 27, 2020, in response to the bill, the Ohio Supreme Court issued a tolling order stating that the "[t]he time requirements imposed by the rules of the Court and *set to expire during the term of this order* shall be tolled." (Emphasis added.) *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Tech.*, 158 Ohio St. 3d 1516, 2020-Ohio-1166, *1517. The term of the order was set to apply "retroactively to the date of emergency declared by Executive Order 2020-01D," which was March 9, 2020, and was set to "expire on the date the period of emergency ends or July 30, 2020." *Id.* at *1516.

{¶15} The language of both House Bill 197 and the Ohio Supreme Court's tolling order makes clear that the order applied only to time requirements, time limitations, and deadlines that were set to expire between March 9, 2020, and July 30, 2020. The tolling order "effectively [froze] time, from March 9 until the expiration of the order. For example,

if a deadline was set to expire on March 19 (10 days after the effective date of the order), then the deadline [would] expire 10 days after the end of the emergency period." *State v. Jackson*, 2nd Dist. Montgomery No. 29226, 2022-Ohio-1522, ¶ 26.

{¶16} Jones first argues that the time for filing his petition ran from September 16, 2019, until it was tolled on March 9, 2020, due to the tolling order. He claims that his deadline started to run again when the order expired on July 30, 2020. However, Jones also recognizes that "only people with deadlines that would fall between March 9 and July 30, 2020, were to be helped or compensated by the 'Tolling Order' of the Supreme Court." Even with this recognition, he maintains that he was prejudiced because he did not have access to the law library for an entire year.

{¶17} Jones states that on April 1, 2020, the Lebanon Correctional Institution closed its law library indefinitely and placed the institution under "quarantine" in response to the COVID-19 pandemic. He states that from April 1, 2020, until April 1, 2021, he had no access to the law library or any legal materials that he needed to perfect his petition. However, during this time, Jones was able file his petition, as well as several other legal filings related to his request for the Ohio Supreme Court to review of his appeal, and for this court to reopen his appeal. Further, Jones did not raise the issue of his access to the law library in his petition; it was first raised in his motion for an extension of time to respond to the state's motion for summary judgment, which Jones filed three months after he filed his petition.

{¶18} It would be concerning, if accurate, for a correctional facility to prevent inmates from accessing a law library even after the expiration of the Governor's executive order. However, this does not change the fact that the tolling provision was simply not applicable to Jones' deadline. Moreover, Jones failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition. "Appellant's

failure to satisfy either prong of R.C. 2953.23(A)(1) is fatal to his ability to file a delayed petition." *State v. Gordon*, 5th Dist. Stark No. 1997CA0142, 1997 Ohio App. LEXIS 4972, *7 (October 14, 1997). The trial court did not abuse its discretion in finding Jones' petition to be untimely and denying the petition. We note that trial courts should dismiss untimely postconviction petitions for lack of jurisdiction. Nevertheless, a trial court does not commit reversible error by denying an untimely postconviction petition when it should have dismissed the petition for being untimely. *State v. Kegley*, 3rd Dist. Crawford No. 3-18-03, 2018-Ohio-4167, ¶ 13; *State v. Hatfield*, 10th Dist. Franklin No. 07AP-784, 2008-Ohio-1377, ¶ 8. A trial court does not have jurisdiction over an untimely postconviction relief petition that does not meet the exceptions set forth in R.C. 2953.23(A)(1). *State v. Gibson*, 12th Dist. Warren No. CA2001-11-103, 2002-Ohio-4128, ¶ 18. Finding no error in the trial court's judgment, Jones' assignment of error is hereby overruled.

**{¶19}** Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.